UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEURAL MAGIC, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>FACEBOOK, INC. and ALEKSANDAR ZLATESKI,<br><br>    Defendants. | Civil Action No. 1:20-cv-10444-DJC |

# FACEBOOK, INC.'S ANSWER TO COMPLAINT

Defendant Facebook, Inc. ("Facebook"), by and through its undersigned attorneys, answers the Complaint of Plaintiff Neural Magic, Inc. ("NMI") as follows. To the extent any factual allegations are not explicitly admitted, they are denied.[1]

## NATURE OF THE ACTION

1. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies them.

2. Facebook admits that Dr. Aleksandar Zlateski was NMI's first employee and Technology Director. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 2, and on that basis denies them.

3. Facebook admits that Dr. Zlateski left NMI in July 2019, and that Facebook is a pioneer in the fields of machine learning (ML) and artificial intelligence (AI), has a long history with ML and AI, and for years has been known for its development of neural network-related

---

[1] To the extent the headings in NMI's Complaint are intended to constitute factual allegations, Facebook denies each and every such allegation.

technologies.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 3, and on that basis denies them.

4. Denied.

5. Denied.

## PARTIES

6. Admitted.

7. Facebook admits that it is a Delawrare corporation and has its corporate headquarters and principal place of business in Menlo Park, California.  Facebook further admits that it maintains an office an Cambridge, Massachusetts.  Facebook denies the remaining allegations of Paragraph 7.

8. Facebook admits that Dr. Zlateski is a natural person who resides at 211 N. End Ave, New York, NY 10282, and that Dr. Zlateski worked for NMI for over a year.  Facebook further admits that Dr. Zlateski executed an Employee Undertaking at NMI, which states that it "shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts."  Facebook denies the remaining allegations of Paragraph 8.

## JURISDICTION AND VENUE

9. Facebook admits that NMI's Complaint contains allegations of trade secret misappropriation under state trade secrets law and the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836 *et seq*.), and state and common law claims for breach of contract, tortious interference with contractual relations and prospective contractual relations, unjust enrichment, and unfair trade practices.  Facebook denies these allegations, denies that this action has any merit, and denies that NMI is entitled to any relief sought.  Facebook further notes that NMI's claim for unjust enrichment has been dismissed. D.I. 88.  The remaining allegations in Paragraph 9 set forth legal conclusions, and no response is required.

10. Facebook admits that it maintains an office in Cambridge, Massachusetts, transacts business in Massachusetts, has an interest in using or possessing real property in Massachusetts, and contracts to supply services or things in Massachusetts. Facebook denies that it has caused tortious injury to NMI in Massachusetts or elsewhere. The remaining allegations in Paragraph 10 set forth legal conclusions, and no response is required.

11. To the extent Paragraph 11 contains legal arguments and conclusions, no answer is required. Facebook admits that Dr. Zlateski resided in Massachusetts when he worked for NMI as Technology Director, and that Dr. Zlateski executed an Employee Undertaking at NMI, which states that it "shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts." Facebook lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and on that basis denies them.

12. To the extent Paragraph 12 sets forth legal conclusions, no response is required. Facebook does not contest venue for purposes of this litigation.

## FACTUAL ALLEGATIONS

13. Facebook admits that Nir Shavit has alleged and attested that he is the CEO & Co-Founder of NMI and is a professor at the Massachusetts Institute of Technology ("MIT") in the Department of Electrical Engineering and Computer Science. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that basis denies them.

14. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

15. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

16. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies them.

17. Facebook admits that Dr. Zlateski was a post-doctoral researcher at MIT, that Dr. Zlateski joined NMI in March 2018, and that Dr. Zlateski was NMI's first employee and Technology Director.  Facebook lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis denies them.

18. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 18, and on that basis denies them.

19. Facebook admits that Dr. Zlateski executed an Employee Undertaking at NMI, and that document includes the language quoted in Paragraph 19, without NMI's underlining and alterations.

20. Facebook admits that Dr. Zlateski executed an Employee Undertaking at NMI, and that document includes the language quoted in Paragraph 20, without NMI's alterations.

21. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 21, and on that basis denies them.

22. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 22, and on that basis denies them.

23. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 23, and on that basis denies them.

24. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 24, and on that basis denies them.

25. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 25, and on that basis denies them.

26. Denied.

27. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 27 and on that basis denies them.

28. Denied.

29. Denied.

30. Facebook admits that its employee Bram Wasti attended the 2019 TVM and Deep Learning Compilation Conference and during a presentation discussed, among other things, certain performance results and "some work done by Aleks Zi and Jongsoo Park." Facebook denies any and all remaining allegations in Paragraph 30.

31. Denied.

32. Denied.

33. Facebook lacks knowledge or information sufficient to form a belief as to the truth of NMI's allegation relating to GitHub's file maintenance practices for "every file posted on its website," and on that basis denies this allegation. Facebook admits that on October 25, 2019, Jongsoo Park, Technical Lead Manager for Facebook's AI System Software/Hardware Co-Design group, published in the publicly available FBGEMM GitHub repository certain code about which NMI complains. Facebook denies any and all remaining allegations in Paragraph 33.

34. Denied.

35. Denied.

36. Facebook admits that on January 22, 2020, counsel for NMI sent Facebook a letter identifying allegedly offending information on the publicly available FBGEMM GitHub

repository and asking for its removal pending further discussion between the parties. Facebook denies any and all remaining allegations in Paragraph 36.

37. Denied.

38. Denied.

## COUNT I

39. Facebook incorporates its responses to Paragraphs 1 through 38 above.

40. Facebook admits that Dr. Zlateski was Technology Director at, and a former employee of, NMI. Facebook further admits that Dr. Zlateski executed an Employee Undertaking at NMI, which speaks for itself. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis denies them.

41. Denied.

42. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis denies them.

43. Facebook denies that a purchase of an Israeli AI company by Intel constitutes "one example of the value of Neural Magic's trade secrets," as NMI alleges in Paragraph 43. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and on that basis denies them.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT II

48. Facebook incorporates its responses to Paragraphs 1 through 47 above.

49. Denied.

50. Facebook admits that Dr. Zlateski was Technology Director at, and a former employee of, NMI. Facebook further admits that Dr. Zlateski executed an Employee Undertaking at NMI, which speaks for itself. Facebook denies any and all remaining allegations in Paragraph 50.

51. Denied.

52. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis denies them.

53. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis denies them.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT III

58. Facebook incorporates its responses to Paragraphs 1 through 57 above.

59. Facebook lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis denies them.

60. Denied.

61. Denied.

62. Denied.

## COUNT IV

63. Facebook incorporates its responses to Paragraphs 1 through 62 above.

64. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response. To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

65. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response. To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

66. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response. To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

67. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response. To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

68. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response. To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

69. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response. To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

70. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response. To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

71. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response.  To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

72. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response.  To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

73. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response.  To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

74. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response.  To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

75. Paragraphs 64-75 purport to state a claim against Dr. Zlateski and not against Facebook and therefore do not require a response.  To the extent a response is required, Facebook denies the allegations in Paragraphs 64-75.

## **COUNT V**

76. Facebook incorporates its responses to Paragraphs 1 through 75 above.

77. Facebook admits that Dr. Zlateski executed an Employee Undertaking at NMI, which speaks for itself.  Facebook denies any and all remaining allegations in Paragraph 77.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT VI

83. A response to this paragraph is not required because Count VI was dismissed on October 29, 2020. D.I. 88.

84. A response to this paragraph is not required because Count VI was dismissed on October 29, 2020. D.I. 88.

85. A response to this paragraph is not required because Count VI was dismissed on October 29, 2020. D.I. 88.

86. A response to this paragraph is not required because Count VI was dismissed on October 29, 2020. D.I. 88.

87. A response to this paragraph is not required because Count VI was dismissed on October 29, 2020. D.I. 88.

## PRAYER FOR RELIEF

A response to NMI's Prayer for Relief is not required. To the extent that any response is required, Facebook denies each and every prayer for relief contained therein.

## JURY TRIAL DEMANDED

Facebook demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Facebook undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are identified below. Facebook expressly reserves the right to plead additional affirmative and other defenses should any such defenses be revealed by discovery in this case or any other means. For its affirmative and other defenses, Facebook states as follows:

## FIRST DEFENSE

NMI's claims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

NMI's claims are barred, in whole or in part, because Facebook has not used and is not using any of NMI's confidential, proprietary, and/or alleged trade secret information.

## THIRD DEFENSE

NMI's claims are barred, in whole or in part, by Facebook's independent development.

## FOURTH DEFENSE

NMI's claims are barred, in whole or in part, because the information on which those claims are based was readily ascertainable by proper means and is not confidential, proprietary, or trade secret information.

## FIFTH DEFENSE

NMI's claims alleging misappropriation of trade secrets are barred, in whole or in part, because NMI did not take reasonable steps to protect its alleged trade secrets.

## SIXTH DEFENSE

NMI's claims alleging misappropriation of trade secrets and unfair competition are barred, in whole or in part, because Facebook did not obtain any alleged trade secrets or confidential or proprietary information by improper means.

## SEVENTH DEFENSE

NMI's claims alleging misappropriation of trade secrets are barred, in whole or in part, because the alleged trade secrets or confidential information lack independent economic value.

## EIGHTH DEFENSE

NMI's claims for unfair competition and tortious interference are barred, in whole or in part, because they are preempted by the Massachusetts Uniform Trade Secrets Act, M.G.L. 93 § 42F, e.g., to the extent those claims are based on the misappropriation of trade secrets.

### NINTH DEFENSE

NMI's claim for tortious interference is barred because Dr. Zlateski did not breach an enforceable agreement with NMI.

### TENTH DEFENSE

NMI's claims are barred because they are frivolous and were brought in bad faith, for an improper purpose, and/or without reasonable inquiry.

### ELEVENTH DEFENSE

NMI's claims are barred because it has not suffered any damage as a result of the allegations in the Complaint.  In the alternative, if NMI has been harmed as alleged (and denied), the harm was caused in whole or in part by NMI's own actions or inactions and NMI, therefore, is not entitled to relief.

### TWELFTH DEFENSE

NMI's claims are barred, in whole or in part, because NMI cannot establish that Facebook caused any of the harm for which NMI seeks redress.

### THIRTEENTH DEFENSE

NMI is not entitled to injunctive relief because any injury to NMI is not irreparable, NMI has an adequate remedy at law, the balance of hardships does not warrant a remedy in equity, and the public interest would be disserved by an injunction.

WHEREFORE, Facebook prays that this Court enter judgment as follows:

1. That judgment be entered in favor of Facebook;
2. For costs, attorneys' fees, and court hearing fees incurred by Facebook;
3. For such other and further relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

Facebook reserves the right to add defenses or amend the existing defenses.

Dated:  November 12, 2020

Respectfully submitted,

/s/ William J. Trach
William J. Trach (BBO No. 661401)
Christopher W. Henry (BBO No. 676033)
Nathanial McPherson (BBO No. 697666)
LATHAM & WATKINS LLP
John Hancock Tower
200 Clarendon Street, 27th Floor
Boston, MA 02116
(617) 948-6000 / (617) 948-6001 Fax
william.trach@lw.com
christopher.henry@lw.com
nathanial.mcpherson@lw.com

Douglas E. Lumish (*pro hac vice*)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600 / (650) 463-2600 Fax
douglas.lumish@lw.com

Jennifer L. Barry (*pro hac vice*)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400 / (858) 523-5450 Fax
jennifer.barry@lw.com

*Attorneys for Defendant Facebook, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent on November 12, 2020 to those identified as non-registered participants.

/s/ William J. Trach
William J. Trach